POPA, Appellee and Cross–Appellant,

v.

WAYNE MUTUAL INSURANCE COMPANY, Appellant and Cross–Appellee.

[Cite as *Popa v. Wayne Mut. Ins. Co.* (1993), 88 Ohio App.3d 405.]

Court of Appeals of Ohio,
Stark County.

Nos. CA–9155 and CA–9159.

Decided June 28, 1993.

*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.,* and *Ronald W. Dougherty,* for appellee and cross-appellant.

*Baker, Meekison & Dublikar* and *Ralph F. Dublikar,* for appellant and cross-appellee.

SMART, Presiding Judge.

These are two appeals from a judgment of the Court of Common Pleas of Stark County, Ohio, granted in favor of plaintiff-appellee and cross-appellant Daniel E. Popa on his claim against defendant-appellant and cross-appellee Wayne Mutual Insurance Company in the amount of $19,819.30 pursuant to the insurance contract between the parties. The trial court also granted judgment in favor of the insurance company on Popa's claim for bad faith and punitive damages. Each party appealed that portion of the judgment entered against that party and we consolidate these appeals for purposes of opinion because the facts and issues are the same.

On September 20, 1990, Popa notified the insurance company of his claim for insurance coverage for damages allegedly caused by vandalism to property formerly located at 1109 West Tuscarawas Street, Canton, Stark County, Ohio. Popa had owned the property, which had been a five-unit apartment building, but sold it on land contract to one Michael Getz, in 1987, for $35,000. Getz rented the property to various tenants and acted as landlord, but did not personally reside in the building. Getz was responsible for all care and upkeep of the property. Both Getz and Popa were named in the insurance policy that the insurance company issued.

As early as December 7, 1989, the city of Canton had inspected the property and notified Getz of code violations and other problems with the building. The city notified Getz on April 3, 1990, that it would be posting on the property a notice to vacate. A thirty-day demolition order letter went out on June 28, 1990.

The last tenants vacated the premises on or about August 6 and August 15, 1990. Popa referred to these people as "squatters" and indicated that he had a good deal of difficulty getting them to pay rent on a regular basis. The parties presented records that indicated that utilities and refuse services were available at the building, at least sporadically, until around August 1990. Popa testified, and the trial court found, that ninety percent of the vandalism for which he made his insurance claim was done after the last tenants vacated in the middle of August. He cited some five major instances of vandalism, although the records indicate that other vandalism and tenant damages occurred on other occasions. Eventually, in October 1990, Canton demolished the property. The insurance company denied the claim, maintaining that the premises had been vacant more than sixty days prior to the vandalism, which, according to the policy of insurance between the parties, was grounds for denial of coverage.

The insurance company assigns four errors to the trial court:

"Assignment of Error No. I

"The trial court's finding that insurance coverage was on a replacement cost basis is against the manifest weight of the evidence when the undisputed testimony indicates the damaged property was never repaired or replaced and the plain and unambiguous language of the insurance contract precludes replacement cost coverage under such circumstances.

"Assignment of Error No. II

"The trial court's conclusion that the plaintiff substantially complied with the terms of the insurance contract is against the manifest weight of the evidence and contrary to law.

"Assignment of Error No. III

"The trial court's finding that ninety percent (90%) of the vandalism damage occurred after August 15, 1990, was clearly against the manifest weight of the evidence.

"Assignment of Error No. IV

"The trial court's finding that the property was not vacant for more than sixty (60) consecutive days prior to August 15, 1990, was clearly against the manifest weight of the evidence."

Popa assigns a single error to the trial court:

"Assignment of Error

"The trial court's finding and conclusion that defendant/appellant had a reasonable basis to reject the claim and that plaintiff/appellee failed to prove his case of bad faith was against the manifest weight of the evidence."

Because all of the above assignments of error urge that the judgment is against the manifest weight of the evidence, we will treat all the assignments of error together for purposes of clarity.

The Supreme Court has held:

"Judgments supported by some competent and credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

We have reviewed the evidence before the trial court and conclude that the award of damages was against the manifest weight of the evidence. Accordingly,

the insurance company's first assignment of error is sustained; Popa's assignment of error is consequently overruled.

The policy between the parties provides in pertinent part:

**"Causes of Loss—Broad Form**

**"B.  EXCLUSIONS**

"1.  We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**"a.  Building Ordinance**

"The enforcement of any ordinance or law:

"(1) Regulating the construction, use or repair of any property;  or

"(2) Requiring the tearing down of any property, including the cost of removing its debris."

It is clear that under the policy, which was before the trial court during this bench trial, the insurance company has specifically exempted loss or damage caused by the tear-down order.

It may very well be true, as the trial court found, that ninety percent of the damage to this property was caused by vandalism.  However, we find that, nevertheless, Popa was not damaged by that vandalism because the loss to him occurred at the point when the city entered the demolition order.  At that point, the premises had no insurable value.  It would have been a loss to Popa whether or not the vandalism had occurred.  The city had initiated the demolition procedures prior to the date when the vandalism allegedly occurred.  Popa did not present evidence of loss to otherwise salvageable property.

Accordingly, the insurance company's first assignment of error is sustained and the second, third, and fourth assignments of error are overruled as moot.  For the same reasons cited above, Popa's assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and, pursuant to App.R. 12, we enter final judgment on behalf of Wayne Mutual Insurance Company.

*Judgment accordingly.*

FARMER, J., concurs.

WILLIAM B. HOFFMAN, J., concurs separately.

WILLIAM B. HOFFMAN, Judge, concurring.

I disagree with the majority's analysis that appellee's loss occurred at the point when the city entered the demolition order. I read the EXCLUSION section relied on by the majority to exclude only "tear down–clean up" type expenses and not to exclude coverage of loss claims for vandalism which occurred prior to the actual demolition. The appellant did not cite or rely upon this section of the policy in its brief or argument to this court as a basis for nonliability. I therefore conclude that appellant's construction of that section is the same as mine and therefore such section is irrelevant to the analysis.

Appellant's contention that the trial court's assessment of replacement cost damages contradicts the contract language is correct. Furthermore, appellee failed to establish the extent of his damages as opposed to the existence of damages.

Though not necessary to determine the case in light of appellee's proof-of-damage failure as noted above, I would also sustain appellant's second assignment of error. The appellee must substantially comply with all conditions precedent to recovery, not merely comply with substantially all of the conditions. I conclude that appellee failed to substantially comply with one or more of the condition precedents with respect to most, if not all, of the acts of vandalism claimed by appellee.

I would also overrule appellant's third and fourth assignments of error as moot.